IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RODRIQUEZ ANTONIO OWENS, :
:
      **Plaintiff**, :
VS. :
: NO. 7:17-CV-20-HL-TQL
LOWNDES COUNTY SHERIFF :
DEPARTMENT, :
:
      **Defendant.** :
_____ :

## ORDER

*Pro se* Plaintiff Rodriquez Antonio Owens, who is currently incarcerated at the Lowndes County Jail in Valdosta, Georgia, has filed a civil rights complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 and two motions to amend this complaint (ECF Nos. 10, 11). Plaintiff also seeks to proceed in this action without prepaying the filing fee (ECF Nos. 2, 6) and also requests appointed counsel (ECF No. 9). Because Plaintiff is a prisoner "seek[ing] redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his claims. *See* 28 U.S.C. § 1915A(a). After conducting this review, the Court finds that (1) Plaintiff may proceed *in forma pauperis*; (2) Plaintiff is not entitled to appointed counsel; and (3) Plaintiff has failed to state a viable claim upon which relief may be granted. Plaintiff's Complaint is accordingly **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1).

**I.      Plaintiff's Motion to Proceed** *in forma pauperis*

Section 1915 allows the district courts to authorize the commencement of a civil action without prepayment of the normally-required fees upon a showing that the plaintiff is indigent and financially unable to pay the filing fee. A prisoner seeking to proceed *in forma pauperis* ("IFP") under this section must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." § 1915(b).

In this case, Plaintiff's pauper's affidavit and the account information he was able to provide show that he is currently unable to prepay the Court's filing fee. Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 2, 6) are thus **GRANTED**. Plaintiff, however, is still obligated to pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. It is accordingly requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's Complaint (or any part thereof) is dismissed prior to service.

A. Directions to Plaintiff's Custodian

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent

(20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the PLRA, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

    B. <u>Plaintiff's Obligations Upon Release</u>

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.

**II.    Plaintiff's Motion for Appointed Counsel**

Plaintiff has also filed a motion for appointment of counsel (ECF No. 9). Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional

circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc).

In this case, Plaintiff has filed a complaint in a document substantially similar to the Court's standard § 1983 form. The Court is required to review the Complaint to determine whether Plaintiff's allegations state a colorable legal claim. This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstance" justifying appointment of counsel. The facts stated in Plaintiff's Complaint are not complicated, and the law governing Plaintiff's claims is neither novel nor complex. Plaintiff's motion to appoint counsel (ECF No. 9) is accordingly **DENIED**.

### III. Preliminary Screening

#### A. Standard of Review

When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

B. Factual Allegations

Plaintiff's claims arise from his present imprisonment in the Lowndes County Jail. According to the Complaint, Plaintiff was detained for a warrant in Atlanta. ECF No. 1 at 2. The next day, he was "taken to the prison dorm," apparently because his children's mother provided law enforcement with a statement alleging Plaintiff had committed crimes. *See id.* Plaintiff alleges he was "never questioned about the statement," read his *Miranda* rights, booked or fingerprinted, or arraigned for the charges related to the statement, which include kidnapping, terroristic threats, battery, and criminal trespassing. *Id.* Plaintiff alleges that "because of these failures," he has been falsely imprisoned and that his constitutional right to be free from cruel and unusual punishment, his right to due process, and his *Miranda* and "hearsay rights" have been violated. Plaintiff seeks a release from prison, "all charges drop[p]ed," and financial compensation for these alleged constitutional injuries. *Id.* at 7. Plaintiff also filed a motion to amend (ECF No. 10) in which he sought to remove the Lowndes County Sheriff's Department as a Defendant and add Lowndes County Sheriff Ashley Paulk and the Lowndes County Board of Commissioners as Defendants in this case. ECF No. 10 at 1. Plaintiff's second motion to amend (ECF No. 11) seeks to add Deputy Coffee, the "arresting officer," as a Defendant.[1]

C. Plaintiff's Claims

---

[1] Plaintiff may amend his Complaint once as a matter of course at this point in the litigation. *See* Fed. R. Civ. P. 15(a). Accordingly, the Court **GRANTS** Plaintiff's motion to amend (ECF No. 10). Because the Court "should freely give leave" to amend "when justice so requires," *id.*, the Court will also **GRANT** Plaintiff's second motion to amend (ECF No. 11).

6

Plaintiff's claims, as pleaded, fail to state a claim upon which relief may be granted and are therefore subject to dismissal without prejudice. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court explained that federal courts must refrain from intervening with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Id.* at 53. *Younger* abstention is thus required where (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See, e.g., Newsome v. Broward County Public Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see also Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (extending *Younger* to § 1983 actions for money damages).

In this case, it is evident from Plaintiff's allegations that his criminal proceedings are pending, and any decision by this Court with respect to the constitutional issues raised by Plaintiff would substantially interfere with, and perhaps undermine, the decisions reached by the state court in the pending criminal proceedings. *See Newsome*, 304 F. App'x at 816 (noting that the relevant inquiry with respect to the first *Middlesex* factor is "whether the federal proceeding will interfere with an ongoing state court proceeding" (internal quotation marks omitted)); *see also Watson v. Fla. Judicial Qualifications Com'n*, 618 F. App'x 487, 490 (11th Cir. 2015) (per curiam). The pending criminal proceedings also implicate the state's important interest in prosecuting those who have violated its criminal laws. *See, e.g., Juidice v. Vail*, 430 U.S. 327, 335 (1977)

(recognizing important state interest in the enforcement of its laws). And Plaintiff has failed to meet his burden of showing that the state proceeding will not provide him with an adequate opportunity to raise his claims that he has not been appropriately Mirandized, arraigned, or that his prosecution is being otherwise mishandled. *See Watson*, 618 F. App'x at 490 (noting that federal courts should assume that the state procedures provide an adequate remedy absent "unambiguous authority" to the contrary).

Further, Plaintiff has not alleged any facts that suggest an exception to the *Younger* abstention doctrine applies. *Younger* abstention may not be required where "(1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate state forum where the constitutional issues can be raised." *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004). Plaintiff has not shown that his pending state proceedings were motivated by bad faith; that any special circumstances exist which create a threat of irreparable harm if this Court fails to intervene in his ongoing criminal prosecution; or that he will be somehow deprived of an adequate forum where his constitutional challenges can be addressed. The fact that Plaintiff must endure a state criminal prosecution fails to demonstrate irreparable harm. *See Younger*, 401 U.S. at 46.

Claims for injunctive relief are properly dismissed when *Younger* applies. *See Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). Accordingly, Plaintiff's claims for injunctive relief against Defendants must be **DISMISSED without prejudice.**[2] In cases

---

[2]The Court also notes that Plaintiff cannot obtain a dismissal of pending charges or speedier release through a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487,

8

where *Younger* abstention is appropriate and the plaintiff also seeks damages, the common practice "is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam). This preference for a stay is applicable only where the complaint "allege[s] injuries under federal law sufficient to justify the District Court's retention of jurisdiction." *Deakins v. Monaghan*, 484 U.S. 193, 204 (1988). Federal courts have interpreted that limitation to mean that a stay is not required where the district court determines that the claim for damages is not cognizable. *Boyd*, 575 F. App'x at 519-20 (collecting cases); *see also Johnson v. Walcott*, 1:15 CV 0073, 2015 WL 574816, at *2 (N.D. Ohio Feb. 11, 2015), *aff'd* (Aug. 13, 2015) ("Although generally the *Younger* doctrine requires a federal court to stay an action for damages during the pendency of a state action on the same matter, a court may dismiss a damage claim, rather than hold it in abeyance, when the plaintiff has failed to state a viable claim for relief.").

In this case, Plaintiff's claims against the named Defendants are not cognizable under § 1983. Plaintiff has made no specific factual allegations against any of these Defendants in his Complaint or the amendments thereto. It is therefore unclear what exactly each of these Defendants did to violate Plaintiff's constitutional rights. His claims could be dismissed on these grounds alone. *Douglas v. Yates*, 535 F.3d 1316,

---

489 (1973). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Thus, to the extent Plaintiff seeks dismissal of the charges against him as a remedy for the constitutional violations he alleges, such relief is not available in a Section 1983 case.

1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

In addition, to the extent Plaintiff believes Defendant Paulk should be liable as the supervisor of any other Lowndes County employee, such claims fail. Supervisors can only be held liable under § 1983 if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if the plaintiff shows

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted). Plaintiff does not allege that Defendant Paulk personally participated in any decision regarding Plaintiff, had any customs or policies that could have led to the violation of Plaintiff's constitutional rights, directed any of his subordinates to violate Plaintiff's constitutional rights, or knew they were doing so, had an opportunity to act, and failed to stop them.

Likewise, Plaintiff has not alleged that any member of the Lowndes County Board of Commissioners personally or directly violated Plaintiff's constitutional rights; nor has

10

Plaintiff alleged a factual basis for holding the Lowndes County Board of Commissioners liable for the actions of Defendant Paulk or any of his employees.[3] "In Georgia, sheriffs are elected officials who possess final authority over matters of law enforcement." *Thompson v. Carter,* 905 F. Supp. 1073, 1074 (M.D. Ga. 1995). It therefore follows that a "suit against the sheriff for actions taken by him within his bailiwick does not translate into suit against the board of commissioners, who operate within an entirely separate sphere of influence." *Id.*; *see also Duffey v. Bryant*, 950 F. Supp. 1168, 1174 (M.D. Ga. 1997) ("It is well-settled law in Georgia that a county and its commissioners are without authority of the sheriff or his deputies.").

Further, even assuming Defendant Coffee was the party who failed to book, fingerprint, or read Plaintiff his rights, these allegations are insufficient to establish substantive constitutional violations in this case. First, to the extent Plaintiff challenges the apparent delay in his arraignment, Plaintiff has failed to state a claim. Plaintiff

---

[3]Naming the board of commissioners as a Defendant in this lawsuit is not the equivalent of naming the county itself. *See, e.g., Thompson v. Carter*, 905 F. Supp. 1073, 1074 (M.D. Ga. 1995). To the extent Plaintiff intended to name the county as a Defendant, however, Plaintiff's claims still fail. "A local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.'" *Turquitt v. Jefferson County*, 137 F.3d 1285, 1287 (11th Cir. 1998) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986). Thus, "[a] county's liability under § 1983 may not be based on the doctrine of respondeat superior," or supervisory liability; instead, "a county is liable only when the county's 'official policy' causes a constitutional violation." *Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc). A plaintiff can establish a county's "policy" in two ways: "identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Id.* at 1329-30. Plaintiff has failed to allege that Lowndes County has any officially promulgated policy or any unofficial custom or practice that could serve as a moving force behind the constitutional violations he alleges.

acknowledges he was initially detained pursuant to a warrant, and he does not challenge the validity of this warrant, the lawfulness of his arrest, or the detention arising from it. Plaintiff has therefore failed to show that his liberty rights were violated by any delay in arraigning him on the charges related to his children's mother's statement. *See, e.g., Robertson v. Price City Police Dep't*, 83 F. App'x 286, 287-88 (10th Cir. 2003) (holding that because plaintiff who was initially detained for parole revocation was "appropriately restrained" by this detention, any delays in arraignment on other charges "had no impact on his liberty" and thus § 1983 claims based on such delay were frivolous).

Similarly, to the extent Plaintiff contends Defendants failed to provide him *Miranda* warnings, the Eleventh Circuit has held that an allegation that law enforcement officers "failed to follow *Miranda* procedures [is] insufficient to assert that the officers violated [a plaintiff's] substantive constitutional rights." *Parris v. Taft*, 630 F. App'x 895, 901 (11th Cir. 2015) (per curiam). And it is altogether unclear how Plaintiff believes that Defendants' failure to "book" him or take his fingerprints violates his constitutional rights, particularly given that Plaintiff does not challenge the lawfulness of his original detention.

In sum, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's damages claims against Defendants are therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), and thus the Court finds that a stay of those claims, as generally required under *Younger*, would be futile. Outright dismissal of Plaintiff's Complaint is therefore permissible under *Younger*. *See, e.g., Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (per curiam) (affirming *sua sponte*

dismissal of § 1983 complaint where all three *Younger* requirements were met). Plaintiff's claims shall therefore be **DISMISSED without prejudice.**

IV. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's motions for leave to proceed *in forma pauperis* (ECF No. 2, 6) and his motions to amend (ECF Nos. 10, 11) but **DENIES** Plaintiff's motion for appointed counsel (ECF No. 9). The Court also concludes that Plaintiff's claims must be **DISMISSED without prejudice.**

**SO ORDERED**, this 20th day of June, 2017.

*s/ Hugh Lawson*_____
HUGH LAWSON, SENIOR JUDGE